FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2012 DEC 14 P 1:06

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ANTHONY REGINALD PEEK,

  Petitioner,

vs.           CIVIL ACTION NO.: CV212-155

ANTHONY HAYNES, Warden,

  Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Anthony Peek ("Peek"), an inmate currently incarcerated at the Federal Correctional Facility-Federal Satellite Low in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Response, and Peek filed a Traverse. For the following reasons, Peek's petition should be **DISMISSED**.

## STATEMENT OF THE FACTS

Peek was convicted, after pleading guilty, in the Southern District of Georgia of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Peek qualified for an enhancement pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) ("ACCA"). The Honorable William T. Moore, Jr., sentenced Peek to 180 months' imprisonment. Peek did not file a direct appeal or a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Peek asserts in this petition that his Georgia state conviction for burglary does not qualify as a predicate offense for his conviction under the ACCA. Thus, Peek contends, he is actually innocent of his conviction under the ACCA. Peek also contends that his sentence exceeds the ten (10) year statutory maximum applicable to section 922(g) convictions. (Doc. No. 1).

Respondent asserts that Peek does not meet the requirements of 28 U.S.C. § 2255's savings clause, and, accordingly, his petition should be dismissed. Respondent also asserts that Peek's petition is a section 2255 motion, as he attacks the validity of his sentence.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

AO 72A
(Rev. 8/82)

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Peek's action was filed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Peek offers nothing which indicates that section 2255 is inadequate or ineffective to challenge the legality of his sentence. (Doc. No. 1, p. 6).

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it

AO 72A
(Rev. 8/82)

otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Peek bases the claims set forth in his petition on the Supreme Court's decision in Begay v. United States, 553 U.S. 137 (2008), and Johnson v. United States, ___ U.S. ___, 130 S. Ct. 1265 (2010). In Begay, the Supreme Court analyzed whether a conviction in New Mexico for driving under the influence is a violent felony within the meaning of clause (ii) of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii).[1] The Court held that "New Mexico's crime of 'driving under the influence' falls outside the scope of the Armed Career Criminal Act's clause (ii) 'violent felony' definition." Begay, 553 U.S. at 147. In determining whether a crime is a violent felony for purposes of the ACCA, the Supreme Court "consider[ed] the offense generically, . . . [to] examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." Id. at 141.

The Eleventh Circuit has had the occasion to determine whether Begay is retroactively applicable to cases on collateral review, i.e., not on direct appeal. In United States v. Coley, 336 F. App'x 933 (11th Cir. 2009), the petitioner challenged his 2003 career-offender status under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1. The Eleventh Circuit approved of the trial court's characterization of the petitioner's *pro se* "Motion Pursuant to the Law of the Case Doctrine" as a section 2255 motion to set aside the petitioner's sentence. 336 F. App'x at 934. The district court

---

[1] "[T]he term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that-- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]"

4

granted the petitioner's certificate of appealability, which presented "the legal question" of "whether the Supreme Court's decision in Begay and our circuit's application of Begay . . . can apply retroactively during § 2255 proceedings." Id. at 935. The Eleventh Circuit determined that the petitioner's "status as a career offender is a non-constitutional issue that [he] could have raised on direct appeal" and that his claim "is not cognizable on collateral review under § 2255." Id. at 936. The Eleventh Circuit, in making this determination, noted that section 2255 cannot "do service for an appeal" because "'a non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment . . . unless the error (1) could not have been raised on direct appeal *and* (2) would, if condoned, result in a complete miscarriage of justice.'" Id. at 935-36 (quoting Lynn v. United States, 365 F.3d 1225, 1232-33 (11th Cir. 2004) (emphasis in original).

Peek does not set forth any Begay- or Johnson-based arguments that he could not raise during sentencing, on appeal, or in a section 2255 motion.[2] In addition, Peek fails to present evidence that he was convicted of a non-existent offense, as the cases he cited do not de-criminalize the conduct for which he was convicted. Peek has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings

---

[2] It does not appear that Johnson applies retroactively to cases on collateral review. Cannon v. United States, Nos. 5:00-CR-81, 5:11-CV-90106, 2012 WL 6019298, at *2 (M.D. Ga. Oct. 17, 2012) (adopted by 2012 WL 6019116 (M.D. Ga. Nov. 30, 2012), and (citing Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011)). Even if Johnson did apply retroactively to cases on collateral review, Peek is not entitled to his requested relief. In Johnson, the Supreme Court held that a Florida felony conviction for battery does not constitute a "violent felony" under the ACCA. 130 S. Ct. at 1273–74. As such, Johnson narrowed the field of offenses that statutorily constitute violent felonies under the ACCA. Id. Johnson, however, did not narrow the field of offenses to exclude burglary, which is one of the predicate offenses used to enhance Peek's sentence.

AO 72A
(Rev. 8/82)

clause is satisfied). Simply because Peek failed to raise these issues on previous occasions, this does not render § 2255 inadequate or ineffective to permit Peek to proceed pursuant to section 2241. Because Peek has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

Peek cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Peek is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Peek's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 14th day of December, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)